**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald C. Dunford, | No. CV-23-00855-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Gerald C. Dunford's Application for Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 9, "Pl. Br."), Defendant Social Security Administration Commissioner's Answering Brief (Doc. 13, "Def. Br."), and Plaintiff's Reply (Doc. 14). The Court has reviewed the briefs and Administrative Record (Doc. 8, "R.") and now reverses the Administrative Law Judge's decision (R. at 21–31) as upheld by the Appeals Council (R. at 1–3).

**I.    BACKGROUND**

Plaintiff filed an application for Supplemental Security Income on April 7, 2021, for a period of disability beginning November 1, 2020. (R. at 21.) Plaintiff's claims were initially denied on September 21, 2021, and upon reconsideration on March 31, 2022. (R. at 21.) Plaintiff then testified at a hearing before an Administrative Law Judge ("ALJ") on November 17, 2022. (R. at 37–63.) On December 7, 2022, the ALJ denied Plaintiff's

Application. (R. at 37–63.) On March 23, 2023, the Appeals Council denied a request for review of the ALJ's decision. (R. at 1–3.) On May 16, 2023, Plaintiff filed this action seeking judicial review.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has the following severe impairments: bipolar type schizoaffective disorder, anxiety disorder, trauma disorder, depression, and substance addiction disorder. (R. at 24.)

Ultimately, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404." (R. at 25.) The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with certain non-exertional limitations, including that Plaintiff can only perform simple work, should avoid public interaction, and can have only occasional interaction with coworkers and supervisors. (R. at 26.) Based on a vocational expert's answers to hypothetical questions, the ALJ concluded that Plaintiff could perform work as a janitor, machine feeder, or kitchen helper, and is not disabled under the Act. (R. at 30.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of

supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant can still perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration: (1) The ALJ erred by rejecting the assessment of Plaintiff's treating psychiatrist without providing sufficient explanation supported by substantial evidence, and (2) the ALJ erred by rejecting Plaintiff's symptom testimony in the absence of specific, clear, and convincing reasons. (Pl. Br. at 1.)

### A. The Medical Opinion of Plaintiff's Treating Psychiatrist

Plaintiff first argues that the ALJ erred by rejecting the medical opinion of his treating psychiatrist, Dr. Trudy Dockins, without providing sufficient explanation. (Pl. Br. at 11.)

The Ninth Circuit no longer accords special deference to a treating or examining physician. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). In 2017, the Social Security Administration amended the regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The 2017 regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but [is] not required to[] explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(b)(2), (c).

Moreover, the Ninth Circuit held its requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion is incompatible with the revised regulations. *Woods*, 32 F.4th at 790. Nonetheless, in rejecting a treating or examining doctor's opinion as unsupported or inconsistent, an ALJ must provide an explanation—that is, reasons—supported by substantial evidence. *Id.* This means that the ALJ "must 'articulate . . . how persuasive' [he] finds 'all of the medical opinions' from each doctor or other source, and 'explain how [he] considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. § 404.1520c(b), (b)(2)).

Here, Dr. Dockins submitted a mental medical assessment finding that Plaintiff had moderately severe to severe limitations in most areas that preclude an eight-hour workday.

(R. at 953–54.) The ALJ found these limitations consistent with Plaintiff's allegations of psychological symptoms, including insomnia, panic attacks, impulsive behaviors, loss of interest in activities, poor appetite, little energy, paranoia, and trouble concentrating. (R. at 29.) But the ALJ also found the limitations to be inconsistent with Plaintiff's score of 25 out of 30 on a mini-mental status exam ("MMSE"), which "indicates no likelihood of cognitive impairment," and his estimated IQ score "in the low average range." (R. at 29, 621.) The ALJ further found Dr. Dockins's medical opinion inconsistent with Plaintiff's ability "to live largely independently." (R. at 29.) Finally, the ALJ found it "noteworthy" that Dr. Dockins mentioned in a July 2022 treatment note that Plaintiff was polite and cooperative, his thought processes were unremarkable, his memory was good, and his concentration was fair. (R. at 29, 996–97.)

Plaintiff argues that his MMSE score and estimated IQ level do not show inconsistency with Dr. Dockins's opinion because the assessed limitations were not based on a cognitive disorder but rather on mood and anxiety disorders. (Pl. Br. at 13.) Indeed, as Plaintiff points out, the Ninth Circuit has stated that "observations of cognitive functioning . . . do not contradict [a claimant's] reported symptoms of depression and social anxiety." *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). And this Court has previously applied the Ninth Circuit's rationale in circumstances similar to those at issue here: "[T]he MMSE does measure cognitive function . . . . But plaintiff's limitations flow from her schizoaffective disorder and her depressive disorder, not from any cognitive disorder . . . . [O]bservations as to plaintiff's cognitive functioning do not contradict her reported symptoms of depression . . . ." *Morris v. Berryhill*, 358 F. Supp. 3d 875, 882–83 (D. Ariz. 2019).

In response, Defendant challenges Plaintiff's premise that Dr. Dockins's opinions were based on mood and anxiety disorders, arguing that "this is speculation [because] Dr. Dockins did not provide explanations for her assessed limitations." (Def. Br. at 6.) Not so. In reviewing the record as a whole, it is clear that Dr. Dockins's assessment was based on her treatment of Plaintiff for mood and anxiety disorders. For example, she adjusted

- 5 -

Plaintiff's diagnosis to schizoaffective disorder, bipolar type, to "reflect [that Plaintiff had] continued symptoms of psychosis during periods of relative mood stability," with additional diagnoses of posttraumatic stress disorder and unspecified anxiety disorder. (R. at 704.) Thus, the Court agrees with Plaintiff that Dr. Dockins's assessment was based on Plaintiff's mood and anxiety disorders, yet the ALJ rejected that assessment as inconsistent with Plaintiff's cognitive test scores. This is an insufficient reason to find inconsistency. *See Ghanim*, 763 F.3d at 1164.

Plaintiff also argues that the ALJ erred by failing to explain why he found Dr. Dockins's assessment inconsistent with Plaintiff's "ability to live largely independently." (R. at 29.) Defendant responds to this point only by arguing that the ALJ's conclusion was reasonable. (Def. Br. at 8.) But the ALJ did not explain how he reached that conclusion. Because an ALJ must explain how he considered the supportability and consistency factors in making his findings, *see Woods*, 32 F. 4th at 790, the Court agrees with Plaintiff that the ALJ erred by failing to provide further explanation. *See also Bogner v. Comm'r of Soc. Sec. Admin.*, No. CV-22-01908-PHX-DMF, 2023 WL 4734120, at *5 (D. Ariz. July 25, 2023) (finding error when the ALJ rejected a medical opinion based on alleged inconsistency with claimant's activities of daily living without explaining how the activities contradicted the medical opinion).

Finally, Plaintiff notes that the ALJ appeared to discount Dr. Dockins's assessment based on a treatment record from July 2022 in which Dr. Dockins stated that Plaintiff had no mannerisms of note, was polite and cooperative, had sequential thought processes and coherent associations, and had good memory and fair insight. (R. at 29.) Although the ALJ concluded that Dr. Dockins's opinion was unpersuasive, he went no further than to call this specific treatment record "noteworthy"; he did not explicitly describe it as inconsistent with Dr. Dockins's assessment. To the extent the ALJ believed it to be inconsistent, he did not explain that finding. And as mentioned, an ALJ must explain how he considered the supportability and consistency factors in reaching his findings. *See Woods*, 32 F. 4th at 790.

For those reasons, the Court finds that the ALJ erred in discounting the medical opinion of Plaintiff's treating psychiatrist.

### B. Plaintiff's Symptom Testimony

Plaintiff also argues that the ALJ erred by rejecting his symptom testimony without providing specific, clear, and convincing reasons. (Pl. Br. at 18.) Although credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996)). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is because "pain testimony may establish greater limitations than can medical evidence alone." *Id.* But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.*

Plaintiff testified at the hearing that he experienced significant paranoia, hallucinations, lack of concentration, and varying moods, and he was self-isolating and easily distracted. (R. at 37–63.) Plaintiff also submitted two function reports that indicated he had difficulty remembering, completing tasks, understanding, concentrating, following instructions, and getting along with others. (R. at 311–19, 357–64.) The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements about the intensity, persistence, and limiting effects of the symptoms were inconsistent with the record "for the reasons explained in this decision." (R. at 27.)

Yet the ALJ's decision is devoid of such reasons.[1] After describing Plaintiff's symptom testimony and function reports, the ALJ merely recited record evidence of Plaintiff's reported symptoms, diagnoses, treatments, and assessments. (R. at 27–28.) But at no point did the ALJ identify any of that evidence as a reason for discounting Plaintiff's particular testimony, other than simply stating that the "evidence combined with the paragraph B discussion above supports some of the claimant's allegations and was considered in assigning the [RFC]." (R. at 28.) A recitation of medical evidence is insufficient reasoning to discount symptom testimony.[2] *See Ghanim*, 763 F.3d at 1163 (explaining that "[g]eneral findings are insufficient" and "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints"). The ALJ therefore erred by failing to provide specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony.

### C.     The Credit-as-True Rule

Having shown that reversal is warranted, Plaintiff urges the Court to apply the credit-as-true rule. (Pl. Br. at 24–25.) The credit-as-true rule applies only in cases that raise "rare circumstances" permitting the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler*, 775 F.3d at 1099–1102. These rare circumstances arise when three elements are present. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must

---

[1] The ALJ provided some reasoning for discounting Plaintiff's alleged physical limitations (R. at 27), but Plaintiff's appeal focuses on his mental limitations (Pl. Br. at 19 n. 8).

[2] In the ALJ's recitation of evidence, he mentions that Plaintiff has a history of "no shows and non-compliance" in his treatment. (R. at 28.) Plaintiff takes issue with citing non-compliance as a reason to discount reported mental symptoms. (Pl. Br. at 20.) The Court concludes that the ALJ did not specifically cite the non-compliance as a reason to discount Plaintiff's testimony, but to the extent it may have served as a reason, the Court agrees with Plaintiff that it would be unwise for an ALJ to criticize a mentally ill claimant's inconsistent treatment schedule. *See Garrison v. Colvin*, 759 F.3d 995, 1018 n.24 (9th Cir. 2014) (noting that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation").

find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

In this case, the ordinary remand rule applies because the reversible errors here arise only out of the lack of explanation and reasoning in the decision. The Court is thus not satisfied that there is no uncertainty as to the outcome. Accordingly, the Court will remand this matter to the ALJ for further proceedings.

**IT IS THEREFORE ORDERED** reversing the decision of the Administrative Law Judge (R. at 21–31) as upheld by the Appeals Council (R. at 1–3).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter final judgment accordingly and close this case.

Dated this 21st day of August, 2024.

Honorable John J. Tuchi
United States District Judge